UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KADIAN MCBEAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF NEW YORK, et al., <br><br> Defendants. | 02 Civ. 05426 (JGK) <br><br> [Proposed] Order <br> Approving the March 16, 2010 <br> Stipulation of Settlement |
| JOEL RAMOS, et al., <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> THE CITY OF NEW YORK, et al., <br><br> Defendants. | |

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/10
```

HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

WHEREAS, the Intervenor-Plaintiffs and Defendant City of New York ("City") entered into a Stipulation and Order, dated October 4, 2007 (hereinafter "2007 Stipulation"), which provided for injunctive relief and for the certification of an Injunctive Class pursuant to Fed. R. Civ. P. 23(b)(2), as well as certification of two damages classes pursuant to Fed. R. Civ. P. 23(b)(3);

WHEREAS, the District Court preliminarily approved the 2007 Stipulation, including the certification of these three classes, on October 5, 2007;

WHEREAS, the District Court ordered final approval and certification of the 2007 Stipulation and the Injunctive Class pursuant to Fed. R. Civ. P 23(b)(2) class after a fairness hearing on February 5, 2010;

WHEREAS, certification of the two damages classes pursuant to Fed. R. Civ. P 23(b)(3) which were agreed to by the parties under the 2007 Stipulation for the period between July 23, 2002 and October 4, 2007, were not at issue at the February 5, 2010 fairness hearing, and that certification has not been finally approved;

WHEREAS, by an Opinion and Order dated August 14, 2009, the District Court certified another class for the period between July 23, 1999 and July 22, 2002 and appointed Emery Celli Brinckerhoff & Abady LLP as Class Counsel;

WHEREAS, the Intervenor-Plaintiffs and the City entered into a Stipulation of Settlement, dated March 16, 2010 (hereinafter "Damages Settlement") to resolve the remaining claims in the above referenced matters pending in this Court;

WHEREAS, before the Court is Intervenor-Plaintiffs' March 19, 2010 notice of motion, memorandum of law, and declarations in support of preliminary approval of this settlement;

WHEREAS, the Stipulation of Settlement dated March 16, 2010, sets forth the terms and conditions for a proposed settlement and dismissal of this action;

WHEREAS, the Damages Settlement provides for, *inter alia*, monetary relief for members of the classes, which is defined as all pretrial detainees arraigned solely on non-felony charges:

> (a) who were admitted to DOC custody after arraignment between July 23, 2002 and October 4, 2007 but were not also simultaneously admitted on (i) any felony charges; (ii) a parole violation; (iii) an outstanding warrant for a felony offense; (iv) a violation of felony probation; (v) a City

sentence of less than one year; or (vi) who were not already serving a State sentence at the time of their admission ("2002-2007 Subclass"); or,

(b) who were admitted to DOC custody after arraignment between July 15, 1999, and July 22, 2002 on a Drug or Weapon Non-Felony Charge as defined in paragraph 23 of the Damages Settlement, but did not receive a monetary settlement as part of the 2005 Settlement, as defined in paragraph 22 of the Damages Settlement, and were not also simultaneously admitted on (i) any felony charges; (ii) a parole violation; (iii) an outstanding warrant for a felony offense; (iv) a violation of felony probation; (v) a City sentence of less than one year; or (vi) who were not already serving a State sentence at the time of their admission ("1999-2002 Subclass");

WHEREAS, the 1999-2002 Subclass set forth above in paragraph (b) is the class that the District Court certified on August 14, 2009, and the 2002-2007 Subclass set forth above in paragraph (a) comprises the two damages classes that was part of the 2007 Stipulation that the District Court preliminarily approved on October 4, 2007;

WHEREAS, the Damages Settlement provides for the creation of a Class Fund in the amount of $33 Million ($33,000,000), unless it is reduced as set forth in paragraphs 32-34 of the Damages Settlement because less than 10% of the persons in the Settlement Class submit valid Claim Forms;

WHEREAS, $29 Million ($29,000,000) of that Class Fund shall be paid to members of the Settlement Class who timely file a signed valid Claim Form, according to the formula set forth in paragraphs 42-43 of the Damages Settlement, unless the $29 Million is reduced as set forth in paragraphs 32-34 of the Damages Settlement if less than 10% of the persons in the Settlement Class submit valid Claim Forms;

WHEREAS, $4 Million ($4,000,000) of that Class Fund shall be paid to Class Counsel to make the following payments: incentive payments of $8,000 each to the eight representatives of the Settlement Class (total $64,000), as defined in paragraph 3 of the Damages Settlement; payments of $20,000 each to two persons who asserted claims regarding purported

forced gynecological exams (total $40,000); all payments to an Administrator to administer the Damages Settlement; and payments to Class Counsel for its own past, present, and future fees and costs in the above-captioned action;

WHEREAS, the Damages Settlement also provides for additional payments to 18 persons who alleged that, after October 4, 2007, they were strip searched in violation of the Injunction Settlement. This amount will be paid directly by the City and not from the Class Fund;

WHEREAS, the Damages Settlement provides that an Administrator will send a Claim Form and notice (together "Claim Packet"), in a form approved by the Court, to all members of the Settlement Class, and that Class Members will be provided with an opportunity to opt-out and/or object to the Damages Settlement;

WHEREAS, the Damages Settlement provides that a one-page English and one-page Spanish summary of the Damages Settlement ("Summary Notices"), in a form approved by the Court, will be posted in locations throughout the State in locations where members of the Settlement Class are likely to see them;

WHEREAS, Rust Consulting, Inc. is an experienced administrator of class action settlements, including strip search settlements, and Intervenor-Plaintiffs request that the Court authorize Class Counsel to retain Rust Consulting, Inc., as Administrator of the Damages Settlement;

WHEREAS, the Damages Settlement was negotiated with the assistance of the Court-appointed Special Master Richard J. Davis, a partner at Weil, Gotshal & Manges LLP, and was the product of serious, informed, non-collusive negotiations, has no obvious deficiencies,

does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval;

WHEREAS, a hearing to preliminarily determine whether the Damages Settlement was fair, just, and reasonable was held on March 22, 2010; and

WHEREAS, upon reading the papers submitted in support of the motion for approval of the Damages Settlement, and after hearing argument.

NOW, it is HEREBY ORDERED that:

(a) the Damages Settlement is preliminarily approved, subject to further consideration thereof at a Fairness Hearing;

(b) Class Counsel is authorized to retain Rust Consulting, Inc. to administer this settlement in accordance with the terms of the Stipulation of Settlement dated March 16, 2010; and

(c) on or before April 13, 2010, the parties shall provide the Court with the proposed Claim Packet, Summary Notices, and plan for notifying the Settlement Class and a proposed order regarding dissemination of the Summary Notices and Claim Packets and requests to opt-out or for exclusion.

Dated: New York, New York
        March 22, 2010

SO ORDERED:

_____
HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE