UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KADIAN MCBEAN, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>THE CITY OF NEW YORK, et al.,<br><br>　　　　　　Defendants. | 02 Civ. 05426 (JGK)<br><br>[Proposed] Order<br>Approving the March 16, 2010<br>Stipulation of Settlement |
| JOEL RAMOS, et al.,<br><br>　　　　　　Intervenor-Plaintiffs,<br><br>v.<br><br>THE CITY OF NEW YORK, et al.,<br><br>　　　　　　Defendants. | USDS SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 10/22/10 |

HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

　　　　　WHEREAS, the Intervenor-Plaintiffs and Defendant City of New York ("City") entered into a Stipulation and Order, dated October 4, 2007 (hereinafter "2007 Stipulation"), which provided for injunctive relief and for the certification of an Injunctive Class pursuant to Fed. R. Civ. P. 23(b)(2), as well as certification of two damages classes pursuant to Fed. R. Civ. P. 23(b)(3);

　　　　　WHEREAS, the District Court preliminarily approved the 2007 Stipulation, including the certification of these three classes, on October 5, 2007;

WHEREAS, the District Court ordered final approval and certification of the 2007 Stipulation and the Injunctive Class pursuant to Fed. R. Civ. P 23(b)(2) after a fairness hearing on February 5, 2010;

WHEREAS, by an Opinion and Order dated August 14, 2009, the District Court certified another class for the period between July 23, 1999 and July 22, 2002 and appointed Emery Celli Brinckerhoff & Abady LLP as Class Counsel and Arthur Wallace and Daniel Velazquez as class representatives;

WHEREAS, the Intervenor-Plaintiffs and the City entered into a Stipulation of Settlement, dated March 16, 2010 (hereinafter "Damages Settlement") to resolve the remaining claims in the above-referenced matters pending in this Court;

WHEREAS, the District Court preliminarily approved the Damages Settlement after a hearing on March 22, 2010 and appointed Rust Consulting, Inc. as the Administrator;

WHEREAS, on May 5, 2010, the District Court approved the plan for notifying the Settlement Class, as well as the Claim Packet (which included, *inter alia*, a Class Notice and Claim Form) and Summary Notices for posting;

WHEREAS, before the Court is Intervenor-Plaintiffs' September 24, 2010 notice of motion, memorandum of law, and declarations in support of final approval of this settlement;

WHEREAS, also before the Court are the Intervenor-Plaintiffs' and Defendants' oral applications made at the Fairness Hearing on October 12, 2010, wherein Defendants set forth their position that the requirements set forth in *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (1974) were satisfied, and both parties discussed the fairness and the adequacy of the settlement, in further support of final approval of this settlement;

2

WHEREAS, the Damages Settlement sets forth the terms and conditions for a proposed settlement and dismissal of this action;

WHEREAS, the Damages Settlement provides for, *inter alia*, monetary relief for members of the classes ("Class Members"), which are defined as all pretrial detainees arraigned solely on non-felony charges:

> (a) who were admitted to DOC custody after arraignment between July 23, 2002 and October 4, 2007 but were not also simultaneously admitted on (i) any felony charges; (ii) a parole violation; (iii) an outstanding warrant for a felony offense; (iv) a violation of felony probation; (v) a City sentence of less than one year; or (vi) who were not already serving a State sentence at the time of their admission ("2002-2007 Subclass"); or

> (b) who were admitted to DOC custody after arraignment between July 15, 1999, and July 22, 2002 on a Drug or Weapon Non-Felony Charge as defined in paragraph 23 of the Damages Settlement, but did not receive a monetary settlement as part of the 2005 Settlement, as defined in paragraph 22 of the Damages Settlement, and were not also simultaneously admitted on (i) any felony charges; (ii) a parole violation; (iii) an outstanding warrant for a felony offense; (iv) a violation of felony probation; (v) a City sentence of less than one year; or (vi) who were not already serving a State sentence at the time of their admission ("1999-2002 Subclass");

WHEREAS, the 1999-2002 Subclass set forth above in paragraph (b) is the class that the District Court certified on August 14, 2009, and the 2002-2007 Subclass set forth above in paragraph (a) comprises the two damages classes that were part of the 2007 Stipulation that the District Court preliminarily approved on October 4, 2007;

WHEREAS, the Damages Settlement provides for the creation of a Class Fund in the amount of $33 Million ($33,000,000);

WHEREAS, the Damages Settlement provides that $29 Million ($29,000,000) of that Class Fund shall be paid to members of the Settlement Class who timely filed a signed valid Claim Form, according to the formula set forth in paragraphs 42-43 of the Damages Settlement, and the amount paid to each valid claimant shall be called the Award Amount. Those claimants

3

previously paid as part of the June 21, 2005 settlement in this case ("2005 Settlement") shall have that amount subtracted from their Award Amount;

WHEREAS, the Damages Settlement provides that $4 Million ($4,000,000 or "Settlement Costs") of that Class Fund shall be paid to Class Counsel to make the following payments: incentive payments of $8,000 each to the eight class representatives of the Settlement Class (Foster Thomas, Daniel Velazquez, Kenneth Williams, Alan Olson, David Sanchez, Arthur Wallace, Chareama Bolds, and Julio Phitts) as defined in paragraph 3 of the Damages Settlement ("Named Plaintiffs") (total $64,000); payments of $20,000 each to two persons (Chareama Bolds and Doris Edwards) who asserted claims regarding purported forced gynecological exams as defined in paragraph 4 of the Damages Settlement ("GYN Plaintiffs") (total $40,000); all payments to an Administrator to administer the Damages Settlement; and payments to Class Counsel for its own past, present, and future fees and costs in the above-captioned action;

WHEREAS, the Administrator was previously paid $265,000 by the City and is currently due an additional $37,500, for a total of $302,500 for administering the Damages Settlement. Any and all expenses, if any, incurred by the Administrator will be paid by Class Counsel from their own funds;

WHEREAS, Class Counsel seeks expenses of $146,677 and seeks $3,446,823 in attorneys' fees, in addition to the $802,308.12 previously received. All future expenses incurred by Class Counsel will be paid from this amount;

WHEREAS, the Damages Settlement also provides that an amount equal to the Award Amount shall be paid to 18 persons (as identified in paragraph 25 of the Damages Settlement) who alleged that, after October 4, 2007, they were strip searched in violation of the Injunction Settlement ("Post-2007 Persons"). This amount will be paid directly by the City and

4

not from the Class Fund. Those 18 persons are John Able, Michael Booker, Chester Brown, Marquis Copeland, David Cruz, Harold Eggleston, Osvaldo Gomez, Michael Gruich, Naquawn Hallback, Susan Longton, Lacy Love, Saeed Mack, Henry Maxwell, Terrence Medlock, Harold Nance, Tyrone Reynolds, Dennis Ryan, and Yunepha Sumpter;

WHEREAS, the Administrator has averred that it sent a Claim Packet to each Class Member on May 14, 2010 at the last known address(es) (with re-mailing of returned Claim Packets), and Class Members were given until August 12, 2010 to opt-out or object and until September 11, 2010 to file a Claim Form;

WHEREAS, the submissions of the parties indicate that one-page Spanish and one-page English Summary Notices were posted in places likely to be seen by Class Members in accordance with paragraphs 66-72 of the Damages Settlement;

WHEREAS, in March 2010, the Damages Settlement was widely publicized on the radio, television, the internet, and in newspapers;

WHEREAS, the Damages Settlement was negotiated with the assistance of the court-appointed Special Master Richard J. Davis, a partner at Weil, Gotshal & Manges LLP, who informed the Court that the Damages Settlement was the product of serious, informed, non-collusive negotiations, did not improperly grant preferential treatment to class representatives or segments of the class, and is fair, reasonable, and adequate;

WHEREAS, a hearing to preliminarily determine whether the Damages Settlement was fair, just, and reasonable was held on October 12, 2010; and

WHEREAS, upon reading the papers submitted in support of the motion for approval of the Damages Settlement, and after hearing argument from both parties and members of the Settlement Class;

NOW, it is HEREBY ORDERED that:

(a) The requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3) are met;

(b) The 2002-2007 Subclass is therefore certified, ECBA confirmed as class counsel, and Foster Thomas, Kenneth Williams, Alan Olson, Chareama Bolds, Julio Phitts, David Sanchez, and Arthur Wallace are appointed as class representatives of the 2002-2007 Subclass;

(c) The Damages Settlement meets the requirements of Fed. R. Civ. P. 23(e) because it is procedurally and substantively fair, reasonable, and adequate;

(d) The factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), except the ability of defendants to withstand a greater judgment, weigh in favor of approval of the Damages Settlement;

(e) The $8,000 service awards to the 8 Named Plaintiffs, totaling $64,000, from the Settlement Costs are fair and reasonable given the time and effort they expended assisting in the prosecution of this litigation;

(f) The $20,000 payments to the two GYN Plaintiffs, totaling $40,000, from the Settlement Costs are fair and reasonable;

(g) Paying the Award Amount to the 18 Post-2007 Persons is fair and reasonable;

(h) The factors set forth in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47, 50 (2d Cir. 2000), weigh in favor of approving the attorneys' fee award of $3,246,823 (in addition to the $802,308.12 previously received), and a lodestar cross check further confirms that the award is fair and reasonable;

6

(i) Class Counsel's expenses of $146,677 were reasonable out-of-pocket expenses which ordinarily would be charged to clients and which were incidental and necessary to the representation;

(j) Notice to the Settlement Class was the best practicable notice under the circumstances and complied with Fed. R. Civ. P. 23(c)(2);

(k) The Damages Settlement is therefore finally approved;

(l) Pursuant to Paragraph 36 of the Settlement Stipulation, the City is required to pay the Administrator within 31 days of the date of this order $29 Million, less deductions due to valid timely claimants' child support liens (hereinafter the amount to be paid to the Administrator is called the "Remainder"), and those amounts deducted for child support liens shall be sent to the beneficiary of the child support lien;

(m) Prior to the payment of the Remainder to the Administrator, the City in consultation with the Administrator, shall make its best good faith estimate of the maximum amount that should be deducted due to child support liens, and shall pay the Administrator $29 Million less that amount;

(n) If additional money is determined to be owed to the City due to child support liens due to a change in the Award Amount, acceptance of late claims, or for any other reason, the Administrator shall return that amount to the City;

(o) If less money is determined to be owed due for child support liens due to a change in the Award Amount, or for any other reason, the City shall pay the Administrator that additional money and that amount shall be added to the Remainder;

7

(p) The Administrator shall distribute the Remainder to timely valid claimants in accordance with the terms of the Damages Settlement;

(q) Within 31 days of the date of this order, the City shall pay Class Counsel $3,735,000, which is $4 Million less the $265,000 previously paid to the Administrator;

(r) From this $3,735,000, Class Counsel shall pay: (1) the Administrator $37,500 for its expenses; (2) the Administrator $200,000 to be put in reserve to pay late claims filed on or before December 15, 2010 for "good cause" shown; (3) the eight Named Plaintiffs $8,000 each, for a total of $64,000; (4) the two GYN Plaintiffs $20,000 each, for a total of $40,000; (5) themselves $146,677 for expenses; and (6) themselves $3,246,823 for attorneys' fees;

(s) All future expenses and costs incurred by Class Counsel shall be paid by Class Counsel from their own funds;

(t) ~~All future administrative expenses and costs, if any, incurred by the Administrator shall first be paid from the $200,000 held in reserve to pay late claims, and in the unlikely event those administrative expenses exceed $200,000, by Class Counsel;~~

(u) Within 91 days of the date of this order, the City shall pay the Post-2007 Persons the Award Amount; and

(v) All checks mailed to Class Members shall bear the notation, "CASH PROMPTLY, VOID AND WILL NOT BE RE-ISSUED 120 DAYS AFTER DATE OF ISSUANCE;"

8

(w) Claims postmarked after the court-ordered deadline of September 11, 2010, shall be denied as late and shall not be paid as part of the initial distribution from the Class Fund. Persons who submit late claims on or before December 15, 2010 will be given 30 days to provide a "good cause" explanation for their late filing. Class Counsel shall determine if the person had "good cause" to file a late claim, and persons shall have the right to appeal any such determination to the Magistrate Judge. All persons with good cause for filing a late claim on or before December 15, 2010 shall be paid a pro-rata share – up to the Award Amount – of the amount remaining in the Class Fund due to the failure of claimants to timely cash their checks within 120 days of issuance, as well as from the $200,000 held in reserve to pay late claims, except that Class Counsel, upon notice to the Court, may decide to reserve some portion of the remaining funds to pay persons who failed to cash their checks within 120 days for "good cause" shown;

(x) All late claims which are approved as showing "good cause" will also be subject to the deduction of any valid child support liens;

(y) Claims postmarked after December 15, 2010 shall be denied and shall not be considered; and

9

(z) If money remains in the Class Fund or in the $200,000 reserve after the payment of late claims filed on or before December 15, 2010 for "good cause," the parties shall confer and seek an order from the Court as to how to distribute same.

Dated: New York, New York
October 21, 2010

SO ORDERED:

HONORABLE JOHN G. KOELTL
UNITED STATES DISTRICT JUDGE

10