```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
--------------------------------------
KADIAN MCBEAN, ET AL.,

               Plaintiffs,        02 Civ. 5426 (JGK)

    - against -             MEMORANDUM OPINION AND
                                           ORDER

CITY OF NEW YORK, ET AL.,

               Defendants.
--------------------------------------

**JOHN G. KOELTL, District Judge:**

    Zachary Lewis is allegedly a member of the class of pretrial detainees arraigned on certain non-felony offenses who were strip searched and for whom the defendants reached a class action settlement in this case.  The settlement required that a proof of claim be submitted by September 11, 2010, although late claims would be considered if submitted no later than December 15, 2010.  See Order Approving the March 16, 2010 Stipulation of Settlement, McBean v. City of New York, No. 02 civ. 05426 (S.D.N.Y. Oct. 20, 2010), ECF No. 294.  The Order approving the settlement explicitly provides that "[c]laims postmarked after December 15, 2010 shall be denied and shall not be considered." Id. at 9.  Mr. Lewis's claim was submitted April 28, 2011, and is therefore untimely.

    Mr. Lewis has filed a motion seeking to participate in the settlement fund.  Mr. Lewis contends that he did not receive notice of the settlement until April 28, 2011, well after the

December, 2010 deadline, and he should therefore not be bound by the deadline.  See Affidavit of Zachary Lewis, sworn to December 6, 2011, at ¶ 8.

The motion to participate in the settlement fund is denied. There is no dispute that Mr. Lewis failed to comply with the requirement that he submit a claim, at the very latest by December 15, 2010.  Therefore, he has failed to meet the precondition for participation in the fund that was part of the settlement agreement that was "so ordered" by the Court. Consequently, he is not entitled to any disbursement from the fund.

It is fair and consistent with the Federal Rules of Civil Procedure and due process to apply the December 15, 2010 deadline to Mr. Lewis.  The proposed settlement of the class action included an extensive notice program designed to provide more than adequate notice to potential claimants such as Mr. Lewis.  Federal Rule of Civil Procedure 23(c)(2) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  In this case, a website was established, bilingual claim forms were sent to the last known addresses of potential settlement class members, see Order

2

Approving Notices and Plan of Administration, McBean v. City of New York, No. 02 civ. 05426 (S.D.N.Y. Apr. 27, 2010), ECF No. 243, and a summary of the settlement was posted throughout the State in locations where members of the class were likely to see them.  See Order Approving the March 16, 2010 Stipulation of Settlement, McBean v. City of New York, No. 02 civ. 05426 (S.D.N.Y. Oct. 20, 2010), ECF No. 294.  The settlement was widely publicized on the radio, television, the internet, and in newspapers.  See id.  Individual notice was sent to all ascertainable members of the class, including Mr. Lewis.  See Declaration of Robin M. Niemiec, dated January 5, 2012, at ¶¶2-4.

   The notice packet, including a claim form, was sent to Mr. Lewis at his last address in May, 2010, and was not returned as undeliverable.  Id. at ¶9.  It was apparently forwarded to Mr. Lewis at another institution and the claim form was returned in April, 2011.  Id. at ¶¶12-13.

   The notice program was sufficient to comport with the requirements of Rule 23.  See Order Approving the March 16, 2010 Stipulation of Settlement, McBean v. City of New York, No. 02 civ. 05426 (S.D.N.Y. Oct. 20, 2010), ECF No. 294, at *7 ("Notice to the Settlement Class was the best practicable notice under the circumstances and complied with Fed. R. Civ. P. 23(c)(2)").  Due process requires only that the notice be "reasonably

calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950); see also Weigner v. City of New York, 852 F.2d 646, 649 (2d Cir. 1988). "[N]otice by mail sent to the last known address of the absent class member meets the due process requirement of notice through 'reasonable effort' even where numerous class members have since changed addresses and do not receive notice." In re Prudential Sec. Inc. Ltd. P'ships Litig., 164 F.R.D. 362 (S.D.N.Y. 1996) (collecting cases).  The settlement program was thorough and included mailings to the last known addresses of potential claimants.  Therefore, the fact that Mr. Lewis alleges he did not receive notice in a timely fashion is irrelevant to whether he is nonetheless bound by the settlement agreement deadline.

"That members of the class may not receive adequate notice is not an uncommon potentiality in class actions, but that potentiality is addressed by the notice provisions agreed-to by the parties, and so ordered by the Court." Yanda v. Vanguard Meter Service, No. 92 civ. 2827, 1995 WL 358663, at *3 (S.D.N.Y. June 14, 1995) (denying late filed claims despite claimants' lack of actual notice prior to the deadline for filing).  The plaintiff, having failed to submit his claim in accordance with

4

the terms of the settlement, is not entitled to recovery under the terms of the settlement.

Finally, it would be inequitable to vary the terms of the settlement for the benefit of Mr. Lewis. Counsel for the plaintiffs advise that approximately 900 other persons submitted claims after the December, 2010 cut-off, and their claims have been denied. It would be unfair to treat Mr. Lewis differently from those others who are similarly situated and whose claims have been denied. "[T]here must be finality in the claims process." See id. Moreover, opening the settlement to new claimants would also be unfair because it would require administrative procedures to verify the claims, assess the existence of any liens, and provide for contingencies such as uncashed checks. All of these issues could change or delay distribution to members of the class who had submitted timely claims.

## CONCLUSION

For the reasons explained above, Mr. Lewis's motion to participate in the settlement fund is **denied**.

SO ORDERED.

Dated:   New York, New York
         August 4, 2012

_____
John G. Koeltl
United States District Judge

5